## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DAWN KILLEN<br>27 Hill Top Rd.<br>Plymouth Meeting, PA 19462 | : | CIVIL ACTION |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | NO.: |
| | : | |
| BAYVIEW ASSET MANAGEMENT, LLC:<br>4425 Ponce de Leon Blvd. 5th Floor<br>Coral Gables, FL 33146<br>and<br>BAYVIEW LOAN SERVICING, LLC.<br>4425 Ponce de Leon Blvd. 5th Floor<br>Coral Gables, FL 33146 | : | **COMPLAINT AND JURY DEMAND** |
| | : | |
| Defendants. | : | |

## CIVIL ACTION COMPLAINT

Plaintiff, Dawn Killen (*hereinafter* referred to as "Plaintiff" unless otherwise indicated),

hereby complains as follows against the above-captioned Defendants.

### I. INTRODUCTION

1.     Plaintiff has initiated the instant collective action to redress violations by Bayview

Asset Management, LLC and Bayview Loan Servicing, LLC (*hereinafter* collectively referred to

as "Defendants" unless indicated otherwise) of Pennsylvania common law under diversity

jurisdiction. As a direct consequence of Defendants' unlawful actions, Plaintiff seeks damages as

set forth herein.

### II. JURISDICTION AND VENUE

2.     The averment of the foregoing paragraph is hereby incorporated by reference as if

set forth fully herein.

3.     Plaintiff is a citizen of Pennsylvania.

4.     Upon information and belief Bayview Asset Management, LLC and Bayview Loan Servicing, LLC are incorporated under the laws of Florida and each have a principal place of business in Florida, rendering them citizens of Florida.

5.     This Court, in accordance with 28 U.S.C. 1332, has jurisdiction over Plaintiff's claims because there is complete diversity jurisdiction, as Plaintiff is a citizen of Pennsylvania, Defendants are citizens of Florida, and the amount in controversy exceeds $75,000.

6.     This Court may properly maintain personal jurisdiction over Defendants because their contacts with this State and this judicial district are sufficient for the exercise of jurisdiction in order to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the United States Supreme Court in International Shoe Co. v. Washington, 326 U.S. 310 (1945) and its progeny.

7.     Pursuant to 28 U.S.C. §1391(b)(1) and (b)(2), venue is properly laid in this district because all of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

### III.   PARTIES

8.     The foregoing averments are hereby incorporated by reference as if set forth fully herein.

9.     Plaintiff is an adult individual residing at the above-captioned address.

10.    Defendant Bayview Asset Management, LLC. (*hereinafter* "Defendant BAM") is a full service mortgage investment firm that is headquartered at the above-caption address.

11.     Defendant Bayview Loan Servicing, LLC. (*hereinafter* "Defendant BLS") is also headquartered at the above-captioned address and operates as a mortgage loan servicer and debt collector focusing on servicing residential and small balance commercial mortgage loans.

12.     Upon information and belief, because of their interrelation of operations, common ownership or management, centralized control of labor relations, common ownership or financial controls, and other factors, Defendants are sufficiently interrelated and integrated in their activities, labor relations, ownership and management that they may be treated as a single and/or joint employer for purposes of the instant action.

13.     At all times relevant herein, Defendants acted by and through their agents, servants and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for Defendants.

## IV. FACTUAL BACKGROUND

14.     The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

15.     Plaintiff was employed with Defendants for approximately five (5) years.

16.     At the time of her separation from Defendants in July of 2018 (discussed further *infra*), Plaintiff was employed as an Asset Manager within Defendants' Horsham, PA location.

17.     While employed with Defendants, Plaintiff's job responsibilities consisted of providing assistance to upper management and/or Defendants' underwriting department with modifications, short sales, and other delinquent portfolios through data entry, handling in-bound and out-bound collection calls, and gathering documents (necessary to complete short sales, modifications, forbearances, and/or other loss mitigation procedures) from borrowers.

18.    During her employment with Defendants, Plaintiff was a hard-working employee who performed her job well and lacked a disciplinary history.

19.    On or about July 10, 2018, Plaintiff was abruptly terminated from her employment with Defendants.

20.    Plaintiff believes and therefore avers that her termination was a result of her refusal to engage in and/or comply with illegal acts being committed by Defendants.

21.    For example, part of Defendants' business is to evaluate "hardship applications" submitted by delinquent borrows to determine whether they are eligible for any loss mitigation options.

22.    The process following the submission of a hardship application by a delinquent borrower is outlined under the Real Estate Settlement Procedures Act ("RESPA"), which is enforced by the Consumer Financial Protection Bureau ("CFPB").

23.    In order to be in compliance with RESPA, a servicer (such as Defendants) is required to provide a notice/acknowledgement of receipt letter to the delinquent borrower within a specific period of time depending on the circumstances. For example:

>    i.    Pursuant to 12 C.F.R. §1024.41(b)(2)(i)(A)-(B), a servicer that receives a loss mitigation application at least 45 days before a foreclosure sale must take two steps:
>
>    >    (A) Promptly upon receipt of a loss mitigation application, review the loss mitigation application to determine if the loss mitigation application is complete; and
>
>    >    (B) *Notify the borrower in writing within 5 days (excluding legal public holidays, Saturdays, and Sun days) after receiving the loss mitigation application that the servicer acknowledges receipt of the loss mitigation application and that the servicer has determined that the loss mitigation application is either complete or incomplete.* If a loss mitigation application is incomplete, the

notice shall state the additional documents and information the borrower must submit to make the loss mitigation application complete and the applicable date pursuant to paragraph (b)(2)(ii) of this section. The notice to the borrower shall include a statement that the borrower should consider contacting servicers of any other mortgage loans secured by the same property to discuss available loss mitigation options.

(emphasis added).

24. Towards the end of her employment with Defendants, Plaintiff learned that Defendants' aforesaid "notice" and/or acknowledgement letters (discussed *supra*) were being back-dated to conceal violations of federal law and make it appear that the said letters were being sent out in compliance with RESPA.

25. In addition to backdating their aforesaid "notice" and/or acknowledgement letters, Defendants were also automatically signing Plaintiff's name to these back-dated letters, without her consent.

26. In close proximity to her termination, Plaintiff approached Defendants' management and expressed her concerns that Defendants' practice of back-dating their notice/acknowledgment letters under RESPA and therefore providing false, deceptive and misleading information to borrowers was illegal.

27. Plaintiff further informed Defendants' management that she was not willing to take part in or comply with Defendants' illegal activities and told Defendants' management that she did not want her name being placed on any letter that was providing false, misleading, or deceptive information to the borrower in order to conceal Defendants' violations of federal law.

28. Shortly after Plaintiff refused to comply with and/or engage in illegal activities under various state and federal laws, Plaintiff was terminated from her employment with

5

Defendants for allegedly breaching company policy; however, when Plaintiff inquired as to what policy she breached, Defendants did not provide her with an answer.

29.    Plaintiff believes and therefore avers that she was terminated from Defendants for refusing to comply with and/or engage in illegal acts under state and federal law, including but not limited to:

    a)  Tampering with records or identification - 18 Pa. C.S.A. §4104;

    b)  Criminal Conspiracy - 18 Pa. C.S.A. § 903;

    c)  Deceptive or Fraudulent Business Practices – 18 Pa. C.S.A. §4107;

    d)  Conspiracy to Defraud an Entity of the United States – 18 U.S.C. § 371;

    e)  Violations of the Dodd-Frank Act – 12 U.S.C. §§ 5331, 5536;

    f)  Violations of the Fair Debt Collection Act – 15 U.S.C. §1692; and

    g)  Violations of RESPA - 12 C.F.R. §1024.41(b)(2)(i)(A)-(B).

30.    Plaintiff was terminated by Defendants in retaliation for refusing to engage in illegal activity in violation of Pennsylvania Common Law.

### Count I
### Violations of Pennsylvania Common Law
### (Wrongful Discharge)
### -Against Both Defendants-

31.    The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

32.    It is clearly prohibited in this Commonwealth to terminate an employee for refusing to participate in and/or comply with illegal acts. *See. e.g. Smith v. Calgon Carbon Corp.*, 917 F.2d 1338, 1344 (3rd Cir.1988)("The public policy exception has been most frequently applied under Pennsylvania law when the discharge is a result of the employee's compliance with or refusal to violate the law." (quoting *Woodson v. AMF Leisureland Centers,*

*Inc.*, 842 F.2d 699, 702 (3rd Cir.1988)); *Levito v. Hussman Food Service Co. Victory Refrigeration Div.*, WL 1426 (E.D. Pa. 1990); *Shaw v. Russel Trucking Line, Inc.*, 542 F.Supp. 776 (W.D.Pa.1982); *Dugan v. Bell Tel. of Pennsylvania*, 876 F.Supp. 713, 725 (W.D.Pa.1990).

33.    Plaintiff was terminated for her refusal to participate in and/or comply with illegal acts.

34.    Defendants' termination of Plaintiff therefore constitutes a violation of Pennsylvania's common law protections.

**WHEREFORE**, Plaintiff prays that this Court enter an Order providing that:

A.    Defendants are to promulgate and adhere to a policy prohibiting retaliation;

B.    Defendants are to compensate Plaintiff, reimburse Plaintiff, and make Plaintiff whole for any and all pay and benefits Plaintiffs would have received had it not been for Defendants' wrongful actions, including but not limited to back pay, front pay, salary, pay increases, bonuses, insurance, benefits, training, promotions, reinstatement, and seniority.

C.    Defendants are to be subjected to any and all penalties allowed by state law.

D.    Plaintiff is to be awarded actual damages, as well as damages for the pain, suffering, and humiliation caused by Defendants' actions;

E.    Plaintiff is to be awarded punitive damages as permitted by applicable law in an amount believed by the Court or trier of fact to be appropriate to punish Defendants for their willful, deliberate, malicious, and outrageous conduct and to deter Defendants or other employers from engaging in such misconduct in the future;

F.    Plaintiff is to be accorded other equitable and legal relief as the Court deems just, proper, and appropriate;

G.    Plaintiff is to be awarded the costs and expenses of this action and reasonable attorneys' fees if permitted by applicable law (if applicable under relevant law); and

H.    Plaintiff is permitted to have a trial by jury.

Respectfully submitted,

**KARPF, KARPF, & CERUTTI, P.C.**

By: _____
Ari R. Karpf, Esq.
3331 Street Road
Two Greenwood Square
Suite 128
Bensalem, PA 19020
(215) 639-0801

Date:   October 3, 2018

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

| | |
|---|---|
| Dawn Killen | CIVIL ACTION |
| v. | |
| Bayview Asset Management, LLC, et al. | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.        ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.        ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.        ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.        ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)        ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.        (X )

| | | |
|---|---|---|
| 10/3/2018 | | Plaintiff |
| **Date** | **Attorney-at-law** | **Attorney for** |
| (215) 639-0801 | (215) 639-4970 | akarpf@karpf-law.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff:  27 Hill Top Road, Plymouth Meeting, PA 19462

Address of Defendant:  4425 Ponce de Leon Blvd., 5th Floor, Coral Gables, FL 33146

Place of Accident, Incident or Transaction:  Defendant's place of business

---

*RELATED CASE, IF ANY:*

Case Number: _____    Judge: _____    Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?    Yes ☐    No ☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?    Yes ☐    No ☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?    Yes ☐    No ☒

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?    Yes ☐    No ☒

I certify that, to my knowledge, the within case ☐ is / ☒ is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: __8/28/2018__    _____    __ARK2484 / 91538__
                        *Attorney-at-Law / Pro Se Plaintiff*    *Attorney I.D. # (if applicable)*

---

**CIVIL: (Place a √ in one category only)**

*A.*    *Federal Question Cases:*

☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts
☐ 2. FELA
☐ 3. Jones Act-Personal Injury
☐ 4. Antitrust
☐ 5. Patent
☐ 6. Labor-Management Relations
☐ 7. Civil Rights
☐ 8. Habeas Corpus
☐ 9. Securities Act(s) Cases
☐ 10. Social Security Review Cases
☐ 11. All other Federal Question Cases
       *(Please specify):* _____

*B.*    *Diversity Jurisdiction Cases:*

☐ 1. Insurance Contract and Other Contracts
☐ 2. Airplane Personal Injury
☐ 3. Assault, Defamation
☐ 4. Marine Personal Injury
☐ 5. Motor Vehicle Personal Injury
☐ 6. Other Personal Injury *(Please specify):* _____
☐ 7. Products Liability
☐ 8. Products Liability -- Asbestos
☒ 9. All other Diversity Cases
       *(Please specify):* Pennsylvania Common Law-
                           wrongful termination

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, __Ari R. Karpf__ , counsel of record *or pro se plaintiff*, do hereby certify:

☒ Pursuant to Local Civil Rule 53.2, § 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

☐ Relief other than monetary damages is sought.

DATE: __10/3/2018__    _____    __ARK2484 / 91538__
                        *Attorney-at-Law / Pro Se Plaintiff*    *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

*Civ. 609 (5/2018)*

JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

KILLEN, DAWN

**(b)** County of Residence of First Listed Plaintiff **Montgomery**
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Karpf, Karpf & Cerutti, P.C.; 3331 Street Road, Two Greenwood Square, Suite 128, Bensalem, PA 19020; (215) 639-0801; akarpf@karpf-law.com

## DEFENDANTS

BAYVIEW ASSET MANAGEMENT, LLC, ET AL.

County of Residence of First Listed Defendant **Miami-Dade**
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question *(U.S. Government Not a Party)*
- ☒ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS**

*PERSONAL INJURY*
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☒ 360 Other Personal Injury
- ☐ 362 Personal Injury - Medical Malpractice

*PERSONAL INJURY*
- ☐ 365 Personal Injury - Product Liability
- ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

*PERSONAL PROPERTY*
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**CIVIL RIGHTS**
- ☐ 440 Other Civil Rights
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 448 Education

**PRISONER PETITIONS**

*Habeas Corpus:*
- ☐ 463 Alien Detainee
- ☐ 510 Motions to Vacate Sentence
- ☐ 530 General
- ☐ 535 Death Penalty

*Other:*
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition
- ☐ 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Management Relations
- ☐ 740 Railway Labor Act
- ☐ 751 Family and Medical Leave Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Employee Retirement Income Security Act

**IMMIGRATION**
- ☐ 462 Naturalization Application
- ☐ 465 Other Immigration Actions

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 835 Patent - Abbreviated New Drug Application
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 375 False Claims Act
- ☐ 376 Qui Tam (31 USC 3729(a))
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Sat TV
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 893 Environmental Matters
- ☐ 895 Freedom of Information Act
- ☐ 896 Arbitration
- ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- ☐ 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 USC 1332

Brief description of cause:
Violations of Pennsylvania Common Law - Wrongful Termination

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE _____   DOCKET NUMBER _____

DATE
10/3/2018

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

| Print | Save As... | Reset |